## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| Quinton Fly, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-CV-126 JVB |
| | ) | |
| Walsh Construction Company, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Pro se Plaintiff Quinton Fly sued Walsh Construction Company alleging racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*  In his amended complaint he alleges that, while he was working on the Blue Chip Expansion Project, Defendant Walsh Construction Company employees hung a noose over a dumpster where Plaintiff often worked. Defendant moved for summary judgment arguing that it did not have an employer-employee relationship with Plaintiff because Plaintiff was an employee of a subcontractor to a subcontractor to Walsh. The Court grants the motion.

## A.  Standard of Review

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further

requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).   In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B.  Statement of Facts**

The relevant facts assumed to be true for the purpose of ruling on Walsh's Motion for Summary Judgment are:

In September 2008, Blue Chip Casino in Michigan City, Indiana, hired Walsh Construction as the general contractor for its expansion project.  Walsh subcontracted some of its duties to various firms, including Kleckner Interior Systems.  Kleckner subsequently subcontracted some of its duties to Eastport Lawn Maintenance and General Contracting.  Eastport employed Plaintiff Quinton Fly, an African-American, to work on some of the jobs at the Blue Chip site.

Defendant asserts the following: Plaintiff was an employee of Eastport, not Walsh.  Walsh did not hire Plaintiff to work on the expansion project and it did not have the power to terminate him.  It also did not promise Plaintiff employment after the project ended, nor did it provide Plaintiff with a W-2 while he worked on the project.  Walsh did not pay Plaintiff or set his work hours; Eastport did.  Walsh did not provide health insurance to Plaintiff.  Finally, although Walsh required Plaintiff to attend safety orientation meetings, as was required of all subcontractors, it did not train him to perform the job.

Plaintiff counters by arguing that "all direct orders, instructions, and assignments to Eastport Carpenters and all direct orders regarding moving of furniture and other construction came directly from Defendant and all overtime for Eastport Laborers . . . was approved and paid by Defendant."  (DE # 30, at 1.)  He does not present evidence that Walsh paid Plaintiff directly instead of paying Eastport who in turn paid Plaintiff.

While working on the project, Plaintiff discovered a noose hung over a dumpster where he worked on the fifteenth floor of the Blue Chip Casino.  He reported this to Ryan Fly, Eastport's owner/operator who in turn reported it to Gordon Barker, General Manager of Walsh Construction and Rich Corbett, Project Manager of Blue Chip.  The noose Plaintiff found was one of five found at the Blue Chip site.  Barker told Ryan Fly not to worry about the nooses and to keep working.

## C.  Discussion

Under § 703(a)(1) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2(a)(1)), it is unlawful for any employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  Plaintiff must be Walsh's employee to have a claim for racial discrimination against it.  *Cf. Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 492 (7th Cir. 1996) (noting that plaintiffs do not have a Title VII cause of action if they are not employees of the defendant).  According to *Knight v. United Farm Bureau Mutual Insurance Co.* a court must examine the following five factors to determine whether Plaintiff is an employee of Walsh:  1)  the putative employer's control and supervision of the worker; 2)  the kind of occupation and nature of skill required, including whether skills are obtained in the workplace; 3)  responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations; 4)  the method and form of payment of benefits, and; 5)  length of job commitment and expectations.  950 F.2d 377, 378–79 (7th Cir. 1991).

The Court concludes that Plaintiff was not a direct employee of Walsh. Rather, Plaintiff was, as he himself concedes, the employee of Eastport, which was a subcontractor to Kleckner. (Fly Resp. at 1.) Kleckner was a subcontractor to Walsh. Plaintiff's employment relationship with Eastport instead of Walsh is enough for this Court to grant summary judgment in favor of Walsh because a plaintiff must be the defendant's employee in order to bring a Title VII claim. *Cf. Alexander*, 101 F.3d at 492 (noting that plaintiffs do not have a Title VII cause of action if they were not the defendant's employees).

But summary judgment is warranted even if the Court looks beyond Plaintiff's concession. The record is void as to any employer-employee relationship between Plaintiff and Walsh. Eastport contracted with Kleckner to move furniture, and Plaintiff does not provide any evidence of Walsh's control over his employment activities. *Cf. Worth v. Tyer*, 276 F.3d 249, 261 (7th Cir. 2001) (an employer-employee relationship "is likely to exist" if the defendant controls "not only the result to be achieved, but also the details by which that result is achieved); *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378–79 (7th Cir. 1991) (company's degree of control is the most important factor in evaluating the employer-employee relationship). Plaintiff's supervisor at Eastport, Ryan Fly asserted in his affidavit that Walsh assigned duties to Eastport employees and supervised them. (Ryan Fly Aff. ¶ 9.) Ryan Fly also asserted that he had to report overtime hours to Walsh so his employees would be paid. (*Id.* ¶ 10.)

However, this evidence is not sufficient to defeat a motion for summary judgment because it does not establish the existence of an employer-employee relationship. Ryan Fly's affidavit does not explain the specific nature of Walsh's supervision or control.

Instead, Ryan Fly's affidavit merely states the following:  "My carpenters worked under the authority of Walsh Construction on the project.  They assign duties; supervise them while on the job site.  My laborers were also involved with Walsh Construction on the project to move the furniture on the job site in which I had to call and report to Walsh the extra hours they worked to receive payment for Plaintiff, Quinton Fly."  (*Id.* at ¶¶ 9–10.) To the extent Plaintiff did work overtime, there is no evidence that Walsh paid Plaintiff directly rather than Eastport, which in turn paid Plaintiff. As for Ryan Fly's statement that Walsh assigned duties and supervised his employees, the affidavit does not explain the nature, frequency, or extent of Walsh's purported supervision nor does it explain the scope of Walsh's alleged authority to assign duties. Although the Court must draw all reasonable inferences in Plaintiff's favor, in light of the undisputed evidence provided by Walsh, Ryan Fly's assertion is too vague to create a reasonable inference that an employer-employee relationship existed between Plaintiff and Walsh. *Cf. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (requiring plaintiffs to offer specific facts showing a genuine issue of material fact when opposing a motion for summary judgment).

Plaintiff also cannot establish other economic factors to show that Walsh was his employer such as the method of payment and benefits, and the authority to terminate Plaintiff.  Plaintiff was not on Walsh's payroll; instead, Eastport paid Plaintiff.  *Cf. GKN Co. v. Magness*, 744 N.E.2d 397, 405 (Ind. 2001) (explaining that when a general contractor pays a subcontractor and the subcontractor pays the plaintiff, this weighs against an employer-employee relationship between the plaintiff and the general contractor).  Walsh did not provide Plaintiff with a W-2, health insurance, job training, or

6

promises of employment.  Walsh also did not have authority to terminate Plaintiff's employment with Eastport.  *Cf. Knight*, 950 F.2d at 378 (explaining that a court must look at these factors when evaluating a possible employer-employee relationship).  These facts, which Plaintiff did not dispute in his response brief, demonstrate that Plaintiff was not Walsh's employee.

### D.  Conclusion

For the foregoing reasons, Walsh's motion for summary judgment is granted.

SO ORDERED on December 12, 2011.

_S/ Joseph S. Van Bokkelen_
Joseph S. Van Bokkelen
United States District Judge